UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHOLEH MIRI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-6775** |
| **STATE FARM FIRE & CASUALTY COMPANY** | **SECTION "C"(3)** |

### ORDER AND REASONS[1]

This matter is before the Court on the issue of whether the jurisdictional amount in controversy existed on the date of removal. The Court ordered counsel to submit memoranda on the issue on October 16, 2007. Having reviewed the record, memoranda of the counsel, and the law, the Court has determined that remand is appropriate for the following reasons.

Plaintiff filed suit against State Farm Insurance Company based on a claim arising out of damages to plaintiff's home due to Hurricane Katrina. Defendant removed pursuant to 28 U.S.C. § 1332.

Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Affirmative proof as to the jurisdictional

---

[1] Cecelia Trenticosta, a third-year law student at Loyola University, assisted in the preparation of this opinion.

amount is required. A defendant seeking removal to federal court based on diversity jurisdiction must establish to a legal certainty that plaintiff's claim exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This burden may be met by (a) making a showing that it is facially apparent that the claims are likely to exceed the jurisdictional minimum, or (b) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc*., 171 F.3d 295 (5th Cir. 1999).

Defendant's submission pursuant to the Court's order regarding amount in controversy sets forth the following facts that it alleges support a finding of the jurisdictional amount. Rec. Doc. 5, p. 1-2. First, plaintiff's petition refers to a policy for covered dwelling with a $312,809 limit and a contents policy with a $213,279 limit. Plaintiff acknowledged payment under those policies of $35,816.60. Under the applicable flood insurance coverage, plaintiff received $250,000 for the dwelling and $55,000 for the contents. Furthermore, defendant asserts that plaintiff's claim for penalties and attorney's fees brings the value of the amount in controversy substantially in excess of $75,000.00. Rec. Doc. 6.

Plaintiff submitted a memorandum summarizing the value of the property pre- and post-Katrina. Plaintiff also offered an affidavit stating the extent of her coverage under the policy and that she hired an appraiser and a Mechanical Engineer to evaluate the damage. Record Doc 5, Attachment 1. The reports made by Michael J. Murphy (appraiser), and Daniel T. Dormady, P.E., were also included in plaintiff's submission. Rec. Doc. 5, Ex. 2 and 4. Murphy concludes, based on his inspection of the property, valuation trends, and neighborhood data analysis, that

the home's pre-Katrina value was $430,000 and its post-Katrina value is $82,000.  Dormady's report indicates that the home was extensively damaged and that the cost to repair and renovate may exceed the cost of new construction.  Finally, plaintiff has attached a statement dated January 17, 2005, showing the amount of coverage under the policy.  The policy provided a limit of $263,000 for casualty loss to the dwelling, $26,300 for dwelling extension, and $197,000 for personal property.  According to Dormady's report, the home suffered major wind damage and rainwater damage due to roof or siding leakage that occurred the morning of August 29, 2005.  The flood damage did not occur until the next day.  Plaintiff thus concedes that her damages likely exceed $75,000.  Rec. Doc. 5, p. 1.

Dormady's estimate states that absent floodwater damage, the damage to the interior of the house would be within the range of $70,000-$100,000.  The foundation and structural systems of the house did not sustain major damage in the storm.  However, plaintiff does not submit a cost evaluation.  In her complaint, plaintiff simply alleges that the amount paid under the policy ($35,816.60, minus $5,620 deductible and $5,730.87 depreciation) was "inadequate to compensate [plaintiff] according to the terms of the policy for the damages incurred." Rec. Doc. 5.

Policy limits do not determine the amount in controversy.  *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).  Instead, the relevant inquiry is the value of the underlying claim.  *Id.*  Defendant alleges no facts to establish the value of plaintiff's claim.  Instead, defendant relies mainly on the policy limits as it "does not have information upon which

3

it can rely to state a value of the home." Rec. Doc. 6., p. 2. As previously mentioned, plaintiff's appraiser has set the pre-Katrina value of the home at $430,000 and the post-Katrina value at $82,000, with a net loss in value of $358,000. Plaintiff has already received payments under her flood insurance policy in the total amount of $305,000. Because insurance contracts are contracts of indemnity, payments received under flood insurance policies offset any recovery in these circumstances. *Reeves v. State Farm Fire & Casualty Co.*, No. 07-2229, 2007 WL 2264434, *1, n.1 (E.D. La. 2007); *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 891869, *2 October 24, 2008 (E.D. La. 2007). The net loss in value of plaintiff's home as offset by the amount received under the flood insurance policy would be $53,000, well under the requisite amount in controversy.

The Court therefore concludes that defendant has failed to establish that the amount in controversy meets the jurisdictional minimum. The amount is not facially apparent from plaintiff's complaint, and defendant presents no facts of sufficient particularity to establish the amount in controversy beyond the policy limits and the fact that plaintiff has requested penalties and attorneys' fees. Federal jurisdiction must be strictly construed; where subject matter jurisdiction is ambiguous, remand is appropriate. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Accordingly, IT IS ORDERED that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans for lack of jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, this 28th day of October, 2008.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**